J-S57038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIL K. BOND | |
| Appellant | No. 604 EDA 2014 |

Appeal from the Judgment of Sentence entered January 10, 2014
In the Court of Common Pleas of Chester County
Criminal Division at Nos: CP-15-CR-0000419-2000, and
CP-15-CR-0002674-2008

BEFORE:  DONOHUE, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　**FILED DECEMBER 04, 2014**

Appellant Jamil Bond appeals from the judgment of sentence entered January 10, 2014, following parole/probation violations.  Specifically, Appellant argues the trial court abused its discretion in imposing consecutive sentences.  Counsel for Appellant filed a brief under **Anders v. California**, 386 U.S. 738 (1967), and petitioned to withdraw as counsel, alleging that this appeal is wholly frivolous.[1]  We affirm and grant the petition to withdraw.

---

[1] The procedural history of this case is unnecessarily thorny.  Defense counsel filed an untimely notice of appeal from the sentence at issue here. **See** Trial Court Opinion, 4/16/14, at 1 n.1.  In response, the trial court ordered Appellant to file a Rule 1925(b) statement.  Appellant, instead, filed a "Notice in Lieu of R. 1925 Statement of Counsel's Judgment that no Meritorious Claims Exists for Appellate Review" ("Notice").  Apparently, the Notice was intended to be a Rule 1925(c)(4) statement.  Given the patent

*(Footnote Continued Next Page)*

The trial court summarized the procedural and factual history as follows:

> On January 10, 2014, [Appellant] was sentenced as a result of a negotiated guilty plea agreement originating from a new [t]heft by [u]nlawful [t]aking . . . conviction. [Appellant] was also sentenced, as a result of the subsequent conviction, on [two] previous cases, for which he was on parole or probation. Specifically, [Appellant] was sentenced as follows:
>
>> Case No. 4051-2012 (new theft conviction): 8 to 23 months, with credit for time served of 8 months. Parole was granted effective 1/10/2014.
>>
>> Case No. 0419-2000 ([v]iolation of [p]arole) – Violation found, [b]alance of [m]aximum 15 months imposed consecutive to Case No. 4051-2012 and effective 1/10/2014.
>>
>> Case No. 2674-2008 ([v]iolation of probation) – Violation found, 12 to 24 months, consecutive to Case Nos. 051-2012; 0419-2000 and effective 1/10/2014.[2]

*(Footnote Continued)* ──────────────

untimeliness, the parties, "in the interest of efficiency," treated the Notice as a PCRA petition seeking to reinstate appeal rights *nunc pro tunc*. Trial Court Opinion, 4/16/14, at 1 n.1. The trial court did not object to the parties' treatment of said motion as a PCRA petition seeking reinstatement of appeal rights *nunc pro tunc*. **See** Order, 3/11/14. Accordingly, this matter is properly before us as a direct appeal *nunc pro tunc*.

[2] The original sentence, which included a period of incarceration of 11½ to 23 months, was imposed consecutive to the sentence imposed at Case No. 419-2000. **See** Sentencing Sheet, Docket No. 2674-08, 10/14/08. Throughout the years, Appellant violated the terms of the sentences imposed at 419-2000, and 2674-2008 on several occasions, which necessitated the resentencing of Appellant several times. On September 7, 2011, the last resentencing before the one at issue here, Appellant was resentenced to a term of 17 months' imprisonment at 419-2000; and a term of imprisonment of 13 months and 14 days, followed by an aggregate term

*(Footnote Continued Next Page)*

> Accordingly, [Appellant] received an aggregate state sentence of incarceration of not less than 27 months and not more than 39 months.

Trial Court Opinion, 4/16/14, at 1-2 (footnotes omitted).

Counsel has directed the Court's attention to the imposition of consecutive sentences as a possible meritorious issue. Specifically, Appellant argues the trial court abused its discretion in imposing consecutive sentences.

Before we consider the merits, we must address whether counsel has complied with the requirements to withdraw from representation under **Anders**. *See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

To withdraw under **Anders**/**Santiago**, counsel must (1) petition this Court for leave to withdraw after certifying that a thorough review of the record indicates the appeal is frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) give the appellant a copy of the brief and advise the appellant of the right to obtain new counsel or file a *pro se* brief to raise any additional points for review. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005). Additionally, the **Anders**/**Santiago** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;

*(Footnote Continued)* ————————————

of probation of 2 years. Following his conviction at 4051-2012, Appellant was resentenced again on January 10, 2014, as noted above.

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We find that counsel has complied with **Anders** and **Santiago**. Counsel has petitioned for leave to withdraw, filed a brief that refers us to anything that might support the appeal, and informed Appellant of his right to hire a new lawyer or file a *pro se* response.[3] Furthermore, counsel's brief meets **Santiago** substantive requirements listed above.

We now turn to the issue raised in the **Anders** Brief: whether the trial court abused its discretion in imposing consecutive sentences. It did not.[4]

---

[3] Appellant has not filed a response.

[4] In **Commonwealth v. Perry**, 32 A.3d 232 (Pa. 2011), the Supreme Court stated:

> It is well settled that the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. An abuse of discretion "is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion.

*Id.* at 236 (internal citations and quotation marks omitted).
*(Footnote Continued Next Page)*

Appellant does not argue the new conviction is insufficient to trigger a violation of the terms of his probation and parole. Appellant does not challenge any error with the sentences themselves. Appellant's only claim is that the trial court abused its discretion in imposing consecutive sentences. Assuming Appellant had met all requirements for challenging the discretionary aspects of his sentence, *see generally Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*),[5] the claim is without merit.

We note that the imposition of consecutive rather than concurrent sentences lies within the discretionary power of the sentencing court. *See*

*(Footnote Continued)* ———————————

[5] It is clear Appellant failed to raise a substantial question for our review.

> In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. That is in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (internal quotation marks and citations omitted).

Appellant does not argue the sentence is unduly harsh, considering the crimes and the length of the commitment. Nor is there anything in the record that could have supported such assertion. Thus, Appellant failed to raise a substantial question for our review.

42 Pa.C.S.A. § 9721(a); *see also Commonwealth v. Trinidad*, 96 A.3d 1031 (Pa. Super. 2014); *Commonwealth v. Harvard*, 64 A.3d 690 (Pa. Super. 2013). We also note the trial court explained its reasons for imposing consecutive sentence as follows:

> [T]he imposed sentences were the result of [Appellant]'s seventh violation on Case No. 0419-2000. Additionally, [Appellant] has refused to comply with his restitution obligations stemming from Case No. 0419-2000. Essentially, [Appellant] continues to revictimize these people each year by refusing to pay restitution. Accordingly, consecutive sentence were warranted to vindicate the authority of the [c]ourt.[6]

Trial Court Opinion, 4/16/14, at 4.

Given that Appellant failed to raise a substantial question for our review, and the reasons provided by the trial court for its decision, we conclude the trial court did not abuse its discretion in imposing concurrent sentences.

Judgment of sentence affirmed. Petition to withdraw granted.

---

[6] We note the record on appeal does not include the transcript of the sentencing proceeding, despite the fact it is material to the issue raised on appeal, and one existed, as evidenced by the trial court's reliance on it in its opinion. Such omission, however, does not prevent us from concluding the trial court committed no abuse of discretion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2014