**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE EMILIO RODRIGUEZ-SILVA | |
| Appellant | No. 811 MDA 2014 |

Appeal from the Judgment of Sentence April 10, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002007-2013

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.     **FILED JANUARY 13, 2015**

Appellant, Jorge Emilio Rodriguez-Silva, appeals from the judgment of sentence entered April 10, 2014, in the Court of Common Pleas of Lancaster County. Additionally, Rodriguez-Silva's court-appointed counsel, MaryJean Glick, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Following the observance of erratic driving and behavior during the traffic stop, as well as performing poorly in field sobriety tests, the police arrested Rodriguez-Silva. A blood test disclosed the presence of marijuana

---

[*] Former Justice specially assigned to the Superior Court.

and a BAC of .058%. After a bench trial, the trial court convicted Rodriguez-Silva of three counts of driving under the influence and two summary convictions for violations of the motor vehicle code. This timely appeal followed.

As noted, Attorney Glick has requested to withdraw and has submitted an **Anders** brief in support thereof contending that the appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

We note that Attorney Glick has complied with all of the requirements of **Anders** as articulated in **Santiago**. Additionally, Attorney Glick confirms that she sent a copy of the **Anders** brief to Rodriguez-Silva as well as a letter explaining to him that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney Glick's petition, as required by this Court's decision in **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to

- 2 -

facilitate appellate review, … counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights." **Id**. at 749 (emphasis in original).

We will now proceed to examine the issues counsel sets forth in the well-written **Anders** brief.[1]   Rodriguez-Silva first contends that the Commonwealth presented insufficient evidence to sustain his driving under the influence convictions and his summary motor vehicle code convictions.[2] We disagree.  The facts underlying the convictions are as follows.

Officer Michael Holzer was on routine patrol when he observed a vehicle driving with its high beams engaged.  Officer Holzer made a U-turn and followed the vehicle.  The vehicle had a broken tail light.  The vehicle also straddled the double yellow line so that half the car was in each lane.  A short time later, the vehicle again straddled the double yellow line.  Another car passed the suspect vehicle and flashed its high beams to alert the other car that its high beams were activated.  At this point, Officer Holzer conducted a traffic stop.  It was 2:33 a.m.

---

[1] Rodriguez-Silva has not filed a response to the petition to withdraw.

[2] For our standard of review, **see Commonwealth v. Harden**, ____ A.3d ____, ____, 2014 WL 5421012, *3 (Pa. Super., filed October 27, 2014).

Officer Holzer approached the vehicle and the driver identified himself as Rodriguez-Silva. There were other passengers in the car. Rodriguez-Silva had glassy and bloodshot eyes and a strong odor of burnt marijuana emanated from the vehicle. Rodriguez-Silva and the passengers were laughing and carrying on—none exhibited any care that they had been pulled over. Rodriguez-Silva admitted that the high beams had been on as the low beams were not bright.

Suspecting that Rodriguez-Silva was impaired, Officer Holzer radioed for assistance from Officer Tichner. While Officer Holzer waited for backup to arrive Rodriguez-Silva hung out of the driver's side window, laughing and carrying on. Officer Holzer requested Rodriguez-Silva to exit the vehicle, but Rodriguez-Silva was unable to do so until one of the passengers assisted him in unlocking the door. Upon exiting the vehicle, Officer Holzer smelled the reek of marijuana emanating from Rodriguez-Silva's person. Rodriguez-Silva denied smoking the banned substance.

Officer Tichner arrived and performed field sobriety tests. Rodriguez-Silva performed poorly on the tests. At this point, Officer Holzer believed Rodriguez-Silva was incapable of safe driving. The officers arrested Rodriguez-Silva and then contacted Officer Jared Hahn, a drug recognition expert, to evaluate Rodriguez-Silva. Officer Hahn evaluated Rodriguez-Silva at the police station and concluded that he was under the influence of marijuana and alcohol. Rodrigiez-Silva agreed to a blood test. The test was conducted at a local hospital at 4:41 a.m., and Rodriguez-Silva's BAC was

.058%. The active (delta-9-THC) and inactive (delta-9-carboxy-THC) ingredients of marijuana were also in his blood—at rates above the minimum reporting levels.

The Commonwealth presented sufficient evidence to sustain Rodriguez-Silva's convictions for driving under the influence. Officer Holzer and Officer Hahn both testified that Rodriguez-Silva was under the influence of marijuana and alcohol to the degree that it impaired his ability to safely drive. Officer Holzer further detailed Rodriguez-Silva's erratic driving and behavior. The blood test established the presence of marijuana. This evidence is plainly sufficient to sustain the convictions under 75 Pa.C.S.A. § 3802(d)(1)(i), (iii), and (3).

The Commonwealth also presented sufficient evidence to sustain the convictions for violating the motor vehicle code. Specifically, that Rodriguez-Silva violated 75 Pa.C.S.A. § 3309, for driving over the double yellow lines, and 75 Pa.C.S.A. § 4306(a), for using his high beams when driving past opposing lanes of traffic. Officer Holzer testified that Rodriguez-Silva crossed the double yellow lines on two occasions and that he had his high beams engaged when a car passed by in the opposing lane.

Rodriguez-Silva next maintains that the blood test occurred outside the two-hour time limit. The two-hour time limit, however, does not apply to convictions under 75 Pa.C.S.A. § 3802(d). **See Commonwealth v. Wilson**, 101 A.3d 1151, 1156 (Pa. Super. 2014) ("[W]e decline to impose a

two-hour time limit when testing for the presence of controlled substances….").

Rodriguez-Silva next alleges that trial counsel did not effectively cross-examine certain witnesses. Apart from two limited exceptions not pertinent here, claims of ineffective assistance of counsel cannot be raised on direct review. *See Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013). Accordingly, Rodriguez-Silva cannot raise this claim on direct review.

The final contention is Rodriguez-Silva's assertion that his sentence of 72 hours to six months for his conviction of 75 Pa.C.S.A. § 3802(d)(3) is illegal.[3] The sentence is legal. For a first offense, the minimum sentence mandated by statute is 72 hours' imprisonment. *See* 75 Pa.C.S.A. § 3804(c)(1)(i). The maximum sentence is six months' imprisonment. *See* 75 Pa.C.S.A. § 3803(b)(1).

After examining the issues contained in the *Anders* brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

---

[3] The other two driving under the influence convictions merged for sentencing purposes. The summary convictions resulted in $25 fines.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/13/2015</u>