J. S30020/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DYSHAN T. AURSBY, : No. 40 EDA 2014
:
Appellant :


Appeal from the Judgment of Sentence, November 21, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002354-2010


BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 03, 2015**

This is an appeal from the judgment of sentence entered in the Court

of Common Pleas of Philadelphia County following appellant's violation of

probation hearing. Appointed counsel, Jennifer A. Santiago, Esq., has filed a

petition to withdraw, alleging that the appeal is wholly frivolous,

accompanied by an **Anders** brief.[1] We grant counsel's withdrawal petition

and affirm.

The record indicates appellant pled guilty to the charge of possession

with intent to deliver on April 19, 2010, and was sentenced to 12 months of

intermediate punishment followed by two years of probation. While on

probation, appellant was charged and later convicted of attempted murder,

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

aggravated assault, robbery, and conspiracy. Appellant was sentenced to an aggregate term of incarceration of 12½ to 25 years. As a result of these convictions, appellant was found in direct violation of his probation. On November 21, 2013, at a violation of probation hearing, appellant was sentenced to 4 to 8 years of confinement to be served consecutive to his 12½ to 25-year sentence. Appellant failed to file a post-sentence motion. However, on December 20, 2013, appellant's counsel appeared before the trial court seeking reconsideration of appellant's 4 to 8-year sentence. The trial court denied reconsideration. (Notes of testimony, 12/20/13 at 3.)

Appellant filed an appeal to this court. The trial court ordered appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. After receiving an extension of time, instead of filing a court-ordered Pa.R.A.P. 1925(b) statement, appellant's counsel filed a statement of intent to file an **Anders** brief under Pa.R.A.P. 1925(c)(4) on

June 18, 2014.[2]  As a consequence of Rule 1925(c)(4) statement of intent, the trial court declined to issue a Pa.R.A.P. 1925(a) opinion.

On September 29, 2014, appellant's counsel filed in this court a motion to withdraw as counsel and an **Anders** brief, wherein counsel states there are no non-frivolous issues preserved for our review.  "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1)    provide a summary of the procedural history and facts, with citations to the record;

---

[2] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [**Anders**] brief in lieu of filing a Statement.  If, upon review of the [**Anders**] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both.  Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, quoting **Santiago**, 978 A.2d at 361.

Our review of Attorney Santiago's application to withdraw, supporting documentation, and **Anders** brief reveals that she has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed **pro se**, or raise any additional points that he deems worthy of this court's attention, and attached to the **Anders** petition a copy of the letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa.Super. 2005). **See Daniels**, 999 A.2d at 594 ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). As Attorney Santiago has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of **Anders**.

Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

In her *Anders* brief, counsel points out that there is no dispute that appellant was in direct violation of his sentence. (*See* notes of testimony, 11/23/13 at 4.) The law is clear that once probation or parole has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S.A. § 9771(c); *Commonwealth v. McAfee*, 849 A.2d 270 (Pa.Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). Here, a sentence of total confinement was appropriate since appellant had been convicted of two other crimes. Additionally, we note appellant was sentenced to 4 to 8 years' incarceration. The maximum sentence appellant could have received was 10 years; consequently, appellant's sentence was within the statutory limits.

The appeal is wholly frivolous, and our independent review of the entire record has not disclosed any other potentially non-frivolous issues.

J. S30020/15

Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015