J-S61020-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON PAUL FAY, | : | |
| | : | |
| Appellant | : | No. 614 MDA 2015 |

Appeal from the Judgment of Sentence September 20, 2012,
in the Court of Common Pleas of Susquehanna County,
Criminal Division, at No.: CP-58-CR-0000251-2011

BEFORE: PANELLA, WECHT, and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 29, 2016**

Jason Paul Fay (Fay) appeals from the judgment of sentence entered September 20, 2012, in the Court of Common Pleas of Susquehanna County. In addition, Fay's counsel filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We previously denied counsel's petition to withdraw and remanded with instructions. ***Commonwealth v. Fay***, 614 MDA 2015, 2015 WL 6507764 (Pa. Super. Oct. 27, 2015). Upon review of counsel's supplemental brief filed following remand, we again deny counsel's petition to withdraw and remand with instructions.

Due to our disposition herein, we need not provide the factual or procedural history of this matter. We do, however, reiterate the standards

*Retired Senior Judge assigned to the Superior Court.

to be applied in considering a petition to withdraw and an **Anders** brief as follows.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of **Anders** as follows.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case

law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

In this Court's memorandum filed October 27, 2015, we determined that counsel did not comply with the above requirements in that he failed to (1) provide a sufficient summary of the factual and procedural history of the case with citations to the record; (2) "offer a single reason in support of his conclusion" that the appeal is wholly frivolous as is required by ***Santiago***; and (3) either send "Fay a letter informing him that he has identified no meritorious issues to pursue on appeal[,] that counsel has filed an application to withdraw from Fay's representation[,] and that Fay may find new counsel or proceed *pro se*[,]" or, if counsel did send a letter, attach the letter to his petition to withdraw as required by ***Commonwealth v. Millisock***, 873 A.2d 748, 749, 752 (Pa. Super. 2005). ***Fay***, 2015 WL 6507764, at *2-3 & n.3. We further noted that the claim raised in the ***Anders*** brief implicated the discretionary aspects of Fay's sentence; however, the transcripts from Fay's guilty plea hearing and the sentencing hearing were not contained in the certified record. ***Id.*** at *3. Due to these deficiencies, we denied counsel's petition to withdraw and remanded this case, directing counsel to complete the record and then file either a compliant ***Anders*** brief or an advocate's brief.

Counsel has now filed a supplemental brief to "address the various issues raised in the [d]ecision of this Court filed October 27, 2015."[1] Supplemental Brief at unnumbered page 1. This supplemental brief, which consists of one page that resembles a cover page, three pages of discussion under the headings "Involuntary Plea," "Recusal," and "Ineffective Assistance of Counsel," and attached exhibits, does not comport with the requirements of **Anders**/**Santiago**.

Counsel's supplemental brief fails to set forth any summary of the factual and procedural history of the case with citations to the record. Moreover, the three-page discussion contained therein appears to address only "issues raised by … Appellant." Supplemental Brief at unnumbered page 1. In purporting to demonstrate that these issues are frivolous, counsel provides no citations to the record and, apart from a reference to Section 9543(a)(2)(ii) of the Post Conviction Relief Act (PCRA)[2] and the three-pronged ineffectiveness test, no citations to legal authority. Notably, the supplemental brief is devoid of any meaningful analysis in relation to the discretionary-aspects-of-sentencing claim raised in counsel's first,

---

[1] Appellant and the Commonwealth each filed a brief in response to counsel's petition to withdraw and first **Anders** brief. Appellant has not filed a response to counsel's supplemental brief, and the Commonwealth has notified this Court that, in response to the supplemental brief, it relies on its brief filed in response to Appellant's first **Anders** brief.

[2] 42 Pa.C.S. § 9543(a)(2)(ii).

noncompliant *Anders* brief. Moreover, in light of the fact that the guilty plea transcript is still missing from the record, we remain concerned that counsel has not reviewed the entire record for purposes of analyzing the claims raised and uncovering additional non-frivolous issues, and that we will not be able to conduct our independent review of the record.[3]

Due to these deficiencies, we again deny counsel's petition to withdraw. We again remand this case and direct counsel to complete the record by following the proper procedure for doing so[4] and to file either an advocate's brief or a compliant *Anders* brief completely anew[5] along with an

---

[3] *See Fay*, 2015 WL 6507764, at *3 ("It is unclear whether the transcripts were ordered and not made part of the record, or whether they have never been produced at all. If the latter is true, counsel could not have thoroughly assessed the entire record and Fay's claim before concluding that it is wholly frivolous. If the former is true, then we will not be able to perform our own independent assessment of the case and Fay's claim."). Further review of the record reveals that the sentencing transcript is located therein.

[4] We direct counsel's attention to Chapter 19 of the Pennsylvania Rules of Appellate Procedure, relating to the preparation and transmission of record and related matters.

[5] To be clear, counsel's new *Anders* brief **must**:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

accompanying letter advising Fay of his right to retain new counsel, proceed *pro se*, or raise any additional points Fay deems worthy of this Court's attention. ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010); ***Millisock***, 873 A.2d at 749, 752. Counsel is directed to comply with every aspect of this memorandum within 30 days of the date of this memorandum. Fay and the Commonwealth shall have 30 days from the date that counsel files his brief in order to file a responsive brief.

Petition to withdraw as counsel denied. Case remanded with instructions. Jurisdiction retained.

Judge (now Justice) Wecht did not participate in the consideration or decision of this Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016

---

***Santiago***, 978 A.2d at 361. We will not countenance a third non-compliant effort on counsel's part.