J-S14019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAMAR CURRY-DAVIS | |
| Appellant | No. 557 MDA 2015 |

Appeal from the Judgment of Sentence October 2, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000721-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 04, 2016**

Appellant, Lamar Curry-Davis, appeals from the judgment of sentence entered on October 2, 2014, in the Court of Common Pleas of Luzerne County. Additionally, Appellant's court-appointed counsel, Mary V. Deady, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Appellant entered a guilty plea to third degree murder[1] on October 2, 2014. The trial court thereafter sentenced Appellant to twenty to forty years

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2501(a).

of imprisonment. The court denied Appellant's post-sentence motion. On November 4, 2014, Appellant filed an untimely appeal, which this Court quashed. Subsequently, on March 12, 2015, the trial court reinstated Appellant's appeal rights and appointed new counsel. This timely appeal followed.

As noted, Attorney Deady has requested to withdraw and has submitted an *Anders* brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We note that Attorney Deady has substantially complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, Attorney Deady confirms that she sent a copy of the *Anders* brief as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney Deady's petition. *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super.

2010); *Commonwealth v. Millisock*, 873 A.2d 748, 749 (Pa. Super. 2005). Appellant did not file a response.

We now proceed to examine the issue counsel sets forth in the *Anders* brief: "Whether the [Appellant's] sentence was illegal in that the trial court lacked statutory authorization for the sentence imposed?" *Anders* Brief at 3.

Appellant contends that the trial court imposed an illegal sentence. It is well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014) (citation omitted), *appeal denied*, 121 A.3d 494 (Pa. 2015). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." *Id*. (citation omitted).

We find no indication that the trial court imposed an illegal sentence. Appellant entered a guilty plea to murder of the third degree, a felony of the first degree. *See* 18 Pa.C.S.A. § 2502(c). Pursuant to 18 Pa.C.S.A. 1102(d), "a person who has been convicted of murder of the third degree … shall be sentenced to a term which shall be fixed by the court at not more than 40 years." As previously noted, the trial court sentenced Appellant to twenty to *forty* years of imprisonment. This sentence clearly did not exceed the statutory maximum permitted for third degree murder. We further observe, as did counsel, that Appellant's sentence is compliant with the requirement under 42 Pa.C.S.A. § 9756(b)(1) that the minimum sentence of confinement

shall not exceed half of the maximum sentence imposed. We therefore concur with counsel's assessment that a challenge to the legality of the sentence imposed is indeed frivolous.

After examining the issue contained in the **Anders** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2016