COMMONWEALTH of Pennsylvania,
Appellee

v.

Alvin M. MILLISOCK, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 29, 2004.

Filed April 22, 2005.

Richard R. Pugh, Lancaster, for appellant.

Matthew A. Grosh, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before: KLEIN, McCAFFERY, and MONTEMURO,* JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Alvin M. Millisock, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his guilty plea to three counts each of aggravated assault[1] and simple assault,[2] and one count each of resisting arrest,[3] obstructing administration of law[4] and disorderly conduct.[5] In addition, Appellant's counsel has filed an *Anders*[6] brief and a petition for leave to withdraw as counsel. We conclude that counsel's petition to withdraw is deficient and, therefore, deny the motion and remand with instructions. We believe that Appellant's notice of appeal may have been untimely, in which case we would be constrained to quash his appeal, but we have insufficient information upon which to base a conclusion. (*See* discussion *infra*). Finally, both to ensure proper notification to the client of that client's rights upon the filing of an *Anders* brief and to facilitate appellate review, we hold that counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights.

¶ 2 The relevant facts and procedural history are as follows. On January 10, 2004, in Columbia Borough, Lancaster County, Appellant was involved in a physical altercation with three police officers of the Columbia Borough Police Department, while the officers were effectuating the arrest of another individual. Appellant, represented by appointed counsel Christopher P. Lyden, Esquire, pled guilty to the aforementioned crimes. On May 13, 2004, the trial court imposed the negotiated sentence of concurrent terms of two (2) to four (4) years' imprisonment for the aggravated assault convictions, and a concurrent sentence of six (6) to twenty-three (23) months' imprisonment for the obstructing administration of law conviction. All of the other convictions merged for sentencing purposes.

¶ 3 Attorney Lyden filed a motion to withdraw as counsel on May 19, 2004.[7] Appellant then filed a *pro se* motion to withdraw his guilty plea on May 28, 2004, wherein he alleged that his guilty plea had been involuntary and that counsel had been ineffective by failing to review discovery material with him prior to entry of the plea. The trial court denied the post-sentence motion on June 1, 2004, and Appellant filed a notice of appeal on June 17, 2004. Richard Russell Pugh, Esquire, was appointed to represent Appellant,[8] and raises on Appellant's behalf the following allegations of error for our review:

1.  THE COURT ERRED IN NOT MERGING THE THREE SIMPLE

* Retired Justice assigned to the Superior Court.

1.  18 Pa.C.S. § 2702.

2.  18 Pa.C.S. § 2701.

3.  18 Pa.C.S. § 5104.

4.  18 Pa.C.S. § 5101.

5.  18 Pa.C.S. § 5503.

6.  *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

7.  While the motion to withdraw appears on the Lancaster County Court of Common Pleas docket, the motion itself is absent from the certified record. Furthermore, there is no indication on the docket that the trial court disposed of the motion.

8.  Attorney Pugh's court appointment is also absent from the certified record and there is no indication on the trial court docket that he was appointed. Nevertheless, Attorney Pugh did provide this Court with a copy of the court appointment order when he entered his appearance with this Court.

ASSAULT COUNTS WITH THE THREE AGGRAVATED ASSAULT COUNTS;

2. THE COURT ERRED IN NOT MERGING THE OBSTRUCTING THE ADMINISTRATION OF LAW COUNT WITH THE AGGRAVATED ASSAULT COUNTS;

3. THE COURT ERRED IN NOT MERGING THE RESISTING ARREST COUNT WITH THE OBSTRUCTING THE ADMINISTRATION OF LAW COUNT OR THE AGGRAVATED OR SIMPLE ASSAULT COUNTS;

4. THE COURT ERRED IN NOT MERGING THE DISORDERLY CONDUCT COUNT WITH THE OBSTRUCTING THE ADMINISTRATION OF LAW COUNT, THE RESISTING ARREST COUNT OR THE AGGRAVATED OR SIMPLE ASSAULT COUNTS;

5. THE APPELLANT DID NOT ENTER A VOLUNTARY, KNOWING AND INTELLIGENT PLEA;

6. THE PLEA COLLOQUY DID NOT INFORM APPELLANT OF THE ELEMENTS OF THE CRIMES CHARGED, THE MAXIMUM SENTENCES HE WAS EXPOSED TO, THE RIGHTS WAIVED BY A GUILTY PLEA AND/OR HIS POST–SENTENCING RIGHTS.

(Appellant's Brief at 7).

¶ 4 Preliminarily, we must determine whether the notice of appeal was timely filed as it affects our jurisdiction to reach the merits of the case. *See Commonwealth v. Dreves*, 839 A.2d 1122, 1126

n. 4 (Pa.Super.2003) (*en banc*) (stating we may raise the question of jurisdiction *sua sponte*) (citation omitted). The Pennsylvania Rules of Criminal Procedure provide that "a written post-sentence motion **shall** be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1) (emphasis added). An untimely post-sentence motion will not toll the appeal period. *Dreves, supra*. As the *Dreves* Court aptly stated:

> [O]rdinarily, when a post-sentence motion is filed[,] an appellant has thirty (30) days from the denial of the post-sentence motion within which to file a notice of appeal. However, by the explicit terms of *Pa.R.Crim.P. 720(A)(2)*, the provision allowing thirty days from the denial of post-trial motions is contingent upon the timely filing of a post-trial motion.
>
> ... "[I]n order for the denial of post-sentence motions to become the triggering event, **it is necessary that the post-sentence motions be timely filed.** [A]bsent a timely filed post-sentence motion, the triggering event remains the date sentence is imposed."

*Id.* at 1127 (quotation omitted).

¶ 5 Instantly, Appellant was sentenced on May 13, 2004, which meant that he had until May 24, 2004, to file a timely post-sentence motion.[9] Appellant did not file his post-sentence motion until May 28, 2004. This untimely motion did not toll the appeal period. *See Dreves, supra*. Consequently, the "triggering event" remained the judgment of sentence entered on May 13, 2004, and Appellant thus had until June 14, 2004, to file a timely notice of appeal.[10] *See* Pa.R.A.P. 903(a) (stating

9. The tenth day, May 23, 2004, was a Sunday; therefore, Appellant had until the following business day, Monday, May 24, 2004, to file

timely post-sentence motions. *See* 1 Pa.C.S. § 1908.

10. The thirtieth day, June 12, 2004, was a Saturday; therefore, Appellant had until the

notice of appeal shall be filed within 30 days of the order from which the appeal is taken). Therefore, unless there is an error on the docket with respect to the filing date of June 17, 2004, it appears that Appellant's notice of appeal was untimely and, accordingly, this appeal would have to be quashed.[11]

¶ 6 We turn our attention next to Attorney Pugh's *Anders* brief and petition for leave to withdraw as counsel.

In order for counsel to withdraw from an appeal pursuant to *Anders* and its Pennsylvania equivalent, *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), certain requirements must be met:

(1) counsel must petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous;

(2) counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

(3) counsel must furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Ferguson*, 761 A.2d 613, 616 (Pa.Super.2000) (citations omitted). As to the second requirement, we remind counsel who honestly believe the appeal is wholly frivolous that they need not file an advocate's brief. *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa.Super.1997) (quotation omitted). However, if there are any issues which may arguably support an appeal, counsel must set them out in "neutral" form, with relevant citations to the law and to the record so that the reviewing court can address the appellant's contentions. *Id.* at 1303–04. Where, after a conscientious review, counsel believes there are no such issues, he or she must set forth those issues the appellant wishes to advance as well as any other claims necessary to the effective appellate presentation of those issues.[12] *Id.*

¶ 7 Instantly, Attorney Pugh filed both an *Anders* brief and a petition for leave to withdraw as counsel on September 22, 2004. Counsel's brief does, in fact, comply with the requirements reiterated above. And, counsel's petition also technically satisfies the above requirements: the petition states 1) that counsel made a conscientious review of the record and concluded that there were no meritorious issues and that the appeal was frivolous; and 2) that Appellant was sent a copy of both the *Anders* brief and the petition, along with a letter

---

following business day, Monday, June 14, 2004, to file a timely notice of appeal. *See* 1 Pa.C.S. § 1908.

**11.** Unfortunately, due to the procedural posture of this matter, Appellant has not had sufficient opportunity to apprise this Court of the possibility that there may have been an error in the docketing of his notice of appeal. Accordingly, we are constrained to provide him with such an opportunity. *See* discussion *infra.* And, it is possible that there may be grounds to claim ineffectiveness of trial counsel. However, the record has not been developed on this issue and, therefore, we cannot

entertain the claim on direct appeal. *See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002).

**12.** We distinguish what is required from counsel seeking to withdraw on direct appeal from what is required when counsel is seeking to withdraw under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, and files a "no merit" letter in accordance with the dictates of *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*). *See Smith, supra.*

**752**

explaining both "his right to new counsel" and/or his right to raise other issues. The problem lies *within* counsel's letter explaining Appellant's rights, which letter was referenced in counsel's petition to withdraw, but not attached thereto.

¶ 8 It is thus the third of the procedural requirements of *Anders, supra* and *McClendon, supra* which, upon the record before this Court, counsel has not satisfied. Counsel misstated Appellant's rights in paragraph three of the petition, wherein he informed this Court that the letter he sent to Appellant explained "[Appellant's] right to new counsel." This choice of wording incorrectly implies that Appellant is entitled to different court-appointed counsel. Rather, Appellant is entitled only to retain new counsel or to proceed *pro se* should he choose to do so. *See Ferguson, supra.* Unfortunately for purposes of our review, counsel failed to attach a copy of his letter to Appellant to counsel's petition to withdraw as counsel. As a result of the misstatement and the failure to attach a copy of the actual letter, we conclude that the petition to withdraw is deficient.

¶ 9 Although already a matter of practice for most counsel, we opine that the prudent course is to require counsel henceforth to attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights. Such a requirement ensures proper notification to the client and relieves this Court of having to make any assumptions in circumstances similar to those in this case, a burden inappropriate for a reviewing court.

¶ 10 For the reasons set forth above, we deny counsel's motion to withdraw at this time. We instruct counsel either to file an advocate's brief or to refile his *Anders* brief. If counsel refiles his *Anders* brief, he should give accurate notice to Appellant that Appellant has the option either to privately retain a lawyer to file an appellate brief on his behalf or to file a *pro se* brief. If any brief is filed, we are directing that the issue of this Court's jurisdiction to entertain an appeal be addressed.

¶ 11 Counsel's brief and Motion to Withdraw shall be filed within thirty (30) days of the date of this decision. If counsel files an *Anders* brief, Appellant shall be given the opportunity to file a brief with new counsel or *pro se* within forty-five (45) days of receipt of present counsel's Motion to Withdraw.

¶ 12 Motion to withdraw as counsel denied. Panel jurisdiction retained.