J-S61004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE:  ADOPTION OF A.M.O | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF R.C., FATHER | No. 774 MDA 2015 |

Appeal from the Order Entered April 1, 2015
In the Court of Common Pleas of Berks County
Orphans' Court at No(s): 83915

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED NOVEMBER 13, 2015**

Appellant, R.C. ("Father"), appeals from the order involuntarily terminating his parental rights to his natural child, A.M.O, born in December 2004.   Father argues that K.E., A.M.O.'s mother ("Mother"), actively prevented him from establishing a relationship with A.M.O.   Additionally, Father's court appointed counsel, Peter David Maynard, Esq., has filed a petition to withdraw as counsel on this appeal.   After careful review, we affirm the order terminating Father's parental rights, and grant Attorney Maynard permission to withdraw.

In conjunction with a petition to have her husband adopt A.M.O., Mother filed a petition to involuntarily terminate Father's rights on October

_____

[*] Retired Senior Judge assigned to the Superior Court.

20, 2014. Mother alleged that Father had last seen A.M.O. in 2005, when A.M.O. was six months old. Furthermore, Mother alleged that Father had never sent A.M.O. any gifts or other tokens of his affection, and that Father had never sought any form of custody or visitation with A.M.O.

At the hearing on Mother's petition, Father requested a continuance to obtain counsel. After appointing counsel to represent Father, the orphans' court held a hearing on the petition. At the hearing, Mother testified that while Father was present for A.M.O's birth, there were only two incidences of contact with Father during A.M.O.'s life, both occurring before A.M.O. turned one year old. Furthermore, Mother testified that despite A.M.O.'s frequent visits with Father's mother during A.M.O.'s early years, Father made no attempt to cultivate a relationship with A.M.O.

Father testified that he was present when A.M.O. was born, but did not identify any other instances of interaction with A.M.O. *See* N.T., Hearing, 4/1/15, at 35-36. Father admitted that he had never filed an action for partial custody, despite having experience with custody litigation regarding his other children. *See id*., at 39-40. Father did not even look in the phone book to initiate communication with Mother and A.M.O. *See id*., at 44. Father stated that the last time he had seen A.M.O. that the child was in diapers and a stroller. *See id*., at 51.

At the close of the hearing, the court entered an order terminating Father's parental rights to A.M.O. The court found that Father had failed to

satisfy his affirmative obligation to act in A.M.O.'s best interests as he had "sat on his parental rights for over a decade[.]" Orphans' Court Opinion, 6/10/15, at 8. The court thus concluded that Father had evidenced a settled purpose of relinquishing his parental claim to A.M.O. by failing to perform parental duties for over a period of six months. Furthermore, the trial court found that termination suited the best interests of A.M.O., as it cleared the path for adoption by Mother's husband, with whom he already lived. This timely appeal followed.

Attorney Maynard has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Father's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Attorney Maynard has substantially complied with all of the requirements of **Anders** as articulated in **Santiago**. Additionally, Attorney Maynard confirms that he sent a copy of the **Anders** brief as well as a letter

explaining to Father that he has the right to proceed *pro se* or the right to retain new counsel. Attorney Maynard has forwarded a copy of the letter to this Court. *See Commonwealth v. Daniels*, 999 A.2d 5990, 594 (Pa. Super. 2010); *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005).

We now proceed to examine the issues counsel sets forth in the *Anders* brief.[1] *See* Appellant's Brief, at 3.

While Father has organized his issues as separate challenges, they both ultimately resolve to but a single issue: whether the trial court was legally justified in terminating Father's parental rights. We review this appeal according to the following standard.

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

---

[1] Father has not filed a response to Attorney Maynard's petition to withdraw.

Termination of parental rights is governed by Section 2511 of the Adoption Act, which requires a bifurcated analysis.

> Our case law has made clear that under Section 2511, the court must engage in a bifurcated process prior to terminating parental rights. Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citing 23 Pa.C.S.A. § 2511). The burden is on the petitioner, in this case Mother, to prove by clear and convincing evidence that the asserted statutory grounds for seeking the termination of parental rights are valid. *See In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009).

Instantly, the court terminated Father's parental rights pursuant to Section 2511(a)(1) and (b). We need only agree with the court on 23 Pa.C.S.A. § 2511(a), in addition to Section 2511(b), in order to affirm the termination of parental rights.[2] *See In re B.L.W.*, 843 A.2d 380, 384 (Pa.

_____

[2] Father has never challenged whether termination suited A.M.O.'s best interests, and therefore, there is no issue on this appeal regarding the application of Section 2511(b). "Appellant contends that despite the lack of
*(Footnote Continued Next Page)*

Super. 2004) (*en banc*). We conclude that the trial court properly terminated Father's parental rights pursuant to Section 2511(a)(1), which provide as follows:

> **(a) General Rule**.—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
>> (1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

23 Pa.C.S.A § 2511(a)(1).

The court's findings are amply supported by Father's own testimony. Father has never pursued a relationship with A.M.O., who is now 10 years old. Father admitted that he has had no contact in all those years, and yet never filed a legal request for visitation, let alone partial custody, despite having filed for custody of his other children. The decision to terminate Father's parental rights was neither an abuse of discretion nor an error of law.

_____
*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

any type of current relationship whatsoever between Father and child that a termination of his parental rights would be detrimental, if not to the child, at least to Father." Appellant's Brief, at 10; *see* N.T., Trial, 4/1/15, at 48 (admitting that A.M.O. is in a stable home and that it would be against A.M.O.'s interests to award Father custody). In any event, given A.M.O.'s stated preference and the report of A.M.O.'s guardian *ad litem*, we conclude that the trial court did not err in finding that termination of Father's parental rights was in A.M.O.'s best interest.

After examining the issue contained in the ***Anders*** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous. We therefore grant Attorney Maynard's petition to withdraw and affirm the trial court's order terminating parental rights.

Order affirmed. Petition to Withdraw as Counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015