J-S61005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN EMERSHAW | |
| Appellant | No. 2086 MDA 2014 |

Appeal from the Judgment of Sentence October 2, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003952-2013

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED NOVEMBER 20, 2015**

Appellant, Bryan Emershaw, appeals from the judgment of sentence entered October 2, 2014, in the Court of Common Pleas of Luzerne County. Additionally, Emershaw's court-appointed counsel, Caeli McCormick Sweigart, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Emershaw's judgment of sentence and grant counsel's petition to withdraw.

During the afternoon on June 15, 2013, John Rogers ("the victim") engaged in target practice with a BB gun in the back yard of his residence. During that time, Emershaw, who was the victim's neighbor, confronted the

---

[*] Retired Senior Judge assigned to the Superior Court.

victim regarding his use of a gun. The victim informed Emershaw that it was only a BB gun, and the conversation ended. The victim then stored the BB gun on a shelf in his shed and began to work on a neighbor's malfunctioning lawnmower and collect firewood. At this point, the victim observed Emershaw crossing the lawn in his direction. Emershaw approached the victim and kicked him. The victim remembers nothing of the attack after that point.

Prior to the attack, the victim's brother, Keith Rogers, was inside the home he shares with the victim when Emershaw entered the house without permission. Emershaw, who was acting belligerently, shouted that the victim had threatened him with a BB gun and advised Rogers that the victim had better clear the valley in ten days' time. Fearing for his safety, Rogers locked the doors and windows of the home after Emershaw had departed. Rogers then observed the victim struggling to get off the ground in the rear yard. The victim informed Rogers that Emershaw had assaulted him and was later treated for multiple facial and rib fractures, a punctured lung, and a brain hemorrhage. The victim, who had a .219 blood alcohol content level upon his arrival at the hospital, additionally received treatment for alcohol abuse.

Emershaw was subsequently arrested and charged with multiple offenses arising out of the assault. Following a jury trial, Emershaw was

convicted of simple assault[1] and recklessly endangering another person (REAP),[2] in addition to the summary offenses of criminal trespass[3] and harassment.[4] The trial court later sentenced Emershaw to one year less one day to two years less two days in prison. Emershaw thereafter filed a post-sentence motion, which the trial court denied. This timely appeal followed.

As noted, Attorney Sweigart has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Emershaw's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

We note that Attorney Sweigart has substantially complied with all of the requirements of **Anders** as articulated in **Santiago**. Additionally,

---

[1] 18 Pa.C.S.A. § 2701(a)(1).
[2] 18 Pa.C.S.A. § 2705.
[3] 18 Pa.C.S.A. § 3503(b.1)(1)(i).
[4] 18 Pa.C.S.A. § 2709(a)(1).

Attorney Sweigart confirms that she sent a copy of the **Anders** brief as well as a letter explaining to Emershaw that he has the right to proceed *pro se* or to retain new counsel. A copy of the letter is appended to Attorney Sweigart's petition. **See Commonwealth v. Daniels**, 999 A.2d 5990, 594 (Pa. Super. 2010); **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005).

We now proceed to examine the issue set forth in the **Anders** brief.[5] That issue is whether the Commonwealth presented sufficient evidence to sustain the convictions. We agree with counsel that the Commonwealth presented sufficient evidence.

We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the

---

[5] Emershaw has not filed a response to Attorney Sweigart's petition to withdraw.

- 4 -

trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Slocum***, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

The Crimes Code defines simple assault as an "[attempt] to cause or intentionally, knowingly or recklessly [cause] bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Bodily injury is defined as the "[i]mpairment of physical condition or substantial pain." ***See*** 18 Pa.C.S.A. § 2301.

The Crimes Code defines the offense of recklessly endangering another person as "conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

"Recklessly" is defined as follows.

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3). Furthermore, 18 Pa.C.S.A. § 2301 defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

A person is guilty of criminal trespass "if, knowing that he is not licensed or privileged to do so, he enters or remains in any place for the purpose of: (i) threatening or terrorizing the owner or occupant of the premises[.]" 18 Pa.C.S.A § 3503(b.1)(1)(i).

"A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same." 18 Pa.C.S.A. § 2709(a)(1).

We find that the Commonwealth presented sufficient evidence to sustain each of Emershaw's convictions. There is no dispute that Emershaw assaulted the victim and that the victim sustained multiple injuries as a result of the assault, including facial fractures, multiple cracked ribs, a brain hemorrhage, and a punctured lung. These injuries, especially those to the victim's head and lungs, are clear evidence that Emershaw recklessly engaged in conduct that placed the victim in danger of serious bodily injury. Additionally, the victim's brother, Keith Rogers, testified that Emershaw entered his residence without permission and that he felt threatened by Emershaw's aggressive and belligerent behavior.

Although Emershaw argued at trial that the victim threatened him with the BB gun in manner that caused Emershaw to believe that he needed to use force to protect himself, the jury was free to disbelieve this version of the evidence and to resolve any inconsistencies in the testimony. ***See Commonwealth v. Manchas***, 633 A.2d 618, 624 (Pa. Super. 1993) (it is within the province of the jury to reconcile inconsistent testimony and to believe all, part or none of the evidence). The verdict rendered in this case reflects the jury's acceptance of the Commonwealth's version of events, which are supported by the record, and we will not usurp the jurors' role as the sole assessor of credibility. Emershaw's sufficiency challenge therefore fails.

After examining the issues contained in the ***Anders*** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015

- 7 -