J-S34006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: D.D., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.D., A MINOR | |
| | No. 1766 MDA 2015 |

Appeal from the Dispositional Order June 17, 2015
In the Court of Common Pleas of York County
Juvenile Division at No(s): CP-67-JV-0000429-2015

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                        **FILED JULY 25, 2016**

D.D., a juvenile, appeals from the dispositional order entered after he was adjudicated delinquent on charges of robbery, simple assault, theft by unlawful taking, intimidation of a witness, criminal conspiracy to intimidate a witness, and conspiracy to commit robbery.[1] Additionally, Appellant's court-appointed counsel, Kevin Hoffman, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After

_____

[1] D.D. purports to appeal from the denial of his motion for post-disposition relief by operation of law on September 11, 2015. The proper final, appealable order in juvenile delinquency matters is the dispositional order. We have corrected the caption accordingly.

careful review, we affirm Appellant's judgment of sentence and grant counsel's application to withdraw.

D.D. was adjudicated delinquent on May 6, 2015, and the juvenile court placed D.D. at a secure residential treatment facility by dispositional order entered June 17, 2015. D.D. filed a timely post-disposition motion for reconsideration, in which he challenged the weight of the evidence supporting the adjudication of delinquency. The motion was denied by operation of law on September 11, 2015. This timely appeal followed.

As noted, Attorney Hoffman has requested to withdraw and has submitted an *Anders* brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We note that Attorney Hoffman has substantially complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, Attorney Hoffman confirms that he sent a copy of the *Anders* brief as well

as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney Hoffman's petition. **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010); **Commonwealth v. Millisock**, 873 A.2d 748, 749 (Pa. Super. 2005). D.D. did not file a response.

We now proceed to examine the issue counsel sets forth in the **Anders** brief. Counsel asserts that D.D. wishes to challenge the weight of the evidence supporting the adjudication of delinquency. **See Anders** Brief at 4.

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. **Commonwealth v. Rossetti**, 863 A.2d 1185, 1191 (Pa. Super. 2004) (citation omitted). "Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Champney**, 574 Pa. 435, 832 A.2d 403, 408 (2003). "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." **Id**.

**Commonwealth v. Trippett**, 932 A.2d 188, 198 (Pa. Super. 2007).

The juvenile court, in its opinion on appeal, provided the following reasoning for its decision.

> Appellant avers that the court's findings were against the weight of the evidence in that there was an eyewitness to the event who testified that Appellant was not involved in the criminal episode. The court found that E.B., the alleged victim's testimony was credible based on his past experience working with the police. E.B. testified that the Defendant and an accomplice were following E.B. The Defendant and his friend told

the victim they were not going to do anything except take his Fendi belt. Fearing for his safey, E.B. told the Defendant he had a knife and would use it to defend himself. Subsequently, a physical altercation broke out between the Defendant, his friend, and E.B., ending with E.B. being slammed on the ground. E.B. testified that when he was thrown to the ground his Blu phone, which was valued at approximately $250.00, fell out of his sweatshirt pocket. Furthermore, E.B. testified that the Defendant and his accomplice took E.B.'s phone and ran away with it. E.B. testified that after the incident was over he ran away because he was fearful the Defendant or his friend would return with a gun.

This court found the testimony of S.D. credible. S.D. testified that two individuals, one she identified as the Defendant, were following E.B. and then attacked him. She testified she observed them grab E.B., throw him to the ground, and start stomping and kicking him. Officer Hartman, the investigating officer, testified that he interviewed E.B. two days after the incident and observed E.B.'s scratches and bruises along his left side.

Officer Hartman testified that he was called for a triple stabbing, and upon arriving at the scene, he spoke with [one of the victims,] D.L. D.L. told Officer Hartman that he saw the males follow the victim and he thought they were going to jump the victim. He stated the males did attack the victim and while [D.L.] was attempting to break it up, he was stabbed. Additionally, D.L. told the officer that the individuals ran away and he helped the victim up, who then apologized to D.L.

At the fact finding hearing, D.L. testified on behalf of the defendant. D.L. testified that he is friends with the defendant and has been friends with him for the past two years. On the day in question, D.L. stated that he saw the Defendant trying to run and asked what he was doing. He testified he noticed the victim was continuing to poke his friend in the back with the knife, and in the process of trying to break up the fight he got stabbed. He denied making any verbal statements to the police that testified. The court found D.L.'s testimony not credible and completely inconsistent with the other witnesses' testimony.

Juvenile court opinion, 11/18/15, at 3-9 (footnotes omitted and text reorganized for clarity).

After reviewing the delinquency hearing transcript, we find that the juvenile court's factual recitation is well supported by the record. We furthermore can discern no abuse of discretion in the delinquency court's assessment of the credibility of the witnesses or weight of the evidence at trial. Thus, we concur with counsel's assessment that this issue is frivolous. After examining the issue contained in the **Anders** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Dispositional order affirmed. Permission to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2016