J-S71025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KATHLEEN PATRICIA GREGG | |
| Appellant | No. 670 EDA 2016 |

Appeal from the Judgment of Sentence January 26, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-SA-0000846-2015

BEFORE: BOWES, J., PANELLA, J., and FITZGERALD, J.*

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 23, 2016**

Appellant, Kathleen Patricia Gregg, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, Criminal Division. Additionally, Appellant's court-appointed counsel, J. Anthony Foltz, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

The relevant facts and procedural history of the case are as follows. On June 25, 2014, Appellant was cited for driving a vehicle while her license was suspended or revoked. To that end, Appellant entered a guilty plea to the summary traffic offense of driving while operating privilege is suspended

_____

* Former Justice specially assigned to the Superior Court.

or revoked on December 9, 2015.[1] That same day, the trial court sentenced Appellant to serve a term of 15 consecutive 48-hour periods of incarceration starting on January 6, 2016, followed by 30 days of electronic home monitoring, and to pay a $500.00 fine and court costs.

Appellant reported for her first period of incarceration, but was turned away at the George W. Hill Correctional Facility because the prison records indicated Appellant's report date was January 16, 2016.

Appellant filed a motion for reconsideration and modification of sentence on January 11, 2016. The court held a hearing on the motion. Appellant requested that her sentence be reduced to a period of 60 days of electronic home monitoring because Appellant suffered from a number of maladies—diabetes, hypertension, anxiety, and a herniated disc. She cited concern that certain of her required medications, including Valium and OxyContin, may be prohibited in the prison. Alternatively, Appellant requested that the court modify Appellant's sentence to reflect a different report date.

The court denied Appellant's request to reduce the sentence, but modified her report date. On January 26, 2016, the court re-sentenced Appellant to serve a term of 15 consecutive 48-hour periods of incarceration starting on February 10, 2016, at 10 a.m., followed by a period of 30 days of

---

[1] 75 Pa.C.S.A. § 1543(b)(1).

electronic home monitoring, and to pay a $500.00 fine and court costs. Appellant did not file a post-sentence motion challenging her sentence. Instead, this timely appeal followed.

As noted, Attorney Foltz has requested to withdraw and has submitted an **Anders** brief in support thereof contending the appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id**. at 355 n.5 (citation omitted).

Attorney Foltz confirms that he sent a copy of that **Anders** brief as well as a letter explaining to Appellant that she has the right to proceed pro se or the right to retain new counsel. A copy of the letter is appended to Attorney Foltz's petition. **See Commonwealth v. Daniels**, 999 A.2d 590,

594 (Pa. Super. 2010); *Commonwealth v. Millisock*, 873 A.2d 748, 749 (Pa. Super. 2005). Appellant did not file a response.

Counsel's *Anders* brief sets forth a claim for the modification of Appellant's sentence pursuant to 61 P.S. § 81. **Illness of prisoner; removal for treatment**, and cites to law interpreting § 81. The legislature, however, repealed § 81 in 2009, *see* Act 33 of Aug. 11, 2009, P.L. No. 147, No. 33, § 4, and replaced it with 42 Pa.C.S.A. § 9777. **Transfer of inmates in need of medical treatment**. The new statute brought new requirements. *Compare* § 81, *with* § 9777.

Oddly, counsel concedes the repeal of § 81 in his *Anders* brief, but relies exclusively on that statute. *See Anders* Brief, at 7. Be that as it may. Counsel's reliance on the incorrect statute apart, the claim raised on appeal, that counsel finds frivolous, is that the trial court should have granted Appellant *house arrest* because of her medical problems.

Appellant's claim does not even implicate § 9777. Appellant was ordered to serve her sentence in Pennsylvania's only privately operated prison, the George W. Hill Correctional Facility.[2] Therefore, § 9777(a)(1) and (2) are inapplicable as those subsections require the petitioner to be

---

[2] This facility is owned and operated by Community Education Centers, Inc. *See* http://www.cecintl.com/corrections-2/locations/pennsylvania-geo-w-hill/ (last visited November 3, 2016). *See also* George W. Hill Correctional Facility, Wikipedia, https://en.wikipedia.org/wiki/George_W._Hill_Correctional_Facility (last visited November 3, 2016).

"committed to custody of department." 42 Pa.C.S.A. § 9777(a). "Department" is defined as "The Department of Corrections of the Commonwealth." 42 Pa.C.S.A. § 9777(g) **Definitions**.

As Appellant was not "committed to custody of department" § 9777(b) is applicable. That subsection permits the petitioner to "have service of the sentence of confinement deferred and may be placed in a hospital, long-term care nursing facility or licensed hospice care location, subject to electronic monitoring…." Appellant seeks not placement in a hospital, long-term care nursing facility or hospice care location, but in her *own home*. Section 9777(b) is plainly inapplicable.

After examining the issue contained in the **Anders** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016

- 5 -