J-S25023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| AMEEN MCNAIR | |
| Appellant | No. 1027 EDA 2016 |

Appeal from the Judgment of Sentence February 2, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006577-2009

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY RANSOM, J.:　　　　　　　　　**FILED JULY 26, 2017**

Appellant, Ameen McNair, appeals from the judgment of sentence of five to ten years of incarceration, consecutive to any other sentence he was currently serving, imposed February 2, 2016, following a revocation of probation hearing.  Additionally, Appellant's counsel, Richard H. Maurer, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 87 S. Ct. 1936 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  As counsel's ***Anders*** brief is deficient, we deny his petition to withdraw and direct him to file either a proper ***Anders*** brief or a brief on the merits.

Pursuant to ***Anders*** and ***Santiago*** when, after a conscientious review of the record, counsel determines that there exist no non-frivolous issues for review, counsel must: 1) petition the Court for leave to withdraw, certifying

that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional point the appellant deems worth of review. **Santiago**, 978 A.2d at 358-61.

Instantly, the letter sent to Appellant advising him of his right to respond is deficient. It states, "If the Superior Court approves the brief and grants the motion, it will allow me to withdraw from this appeal and give you some period of time (I requested 45 days) to raise new issues, either by yourself or through counsel." We note that counsel's petition to withdraw and the merits of the case are conducted at the same time, and counsel is not permitted to withdraw unless the court finds the appeal frivolous. **Santiago**, 978 A.2d at 358-61. Appellant would not be permitted to file a response after such a determination. Appellant may file a response to this court upon notification of the **Anders** filing by counsel and prior to the case proceeding to the merits panel for review. **Id.**

Further, counsel did not properly advise Appellant that he may proceed either *pro se* or with *privately retained* counsel. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005). Accordingly, counsel's petition to withdraw is denied.

Petition to withdraw denied. Counsel is directed to certify to the Prothonotary that he has forwarded a copy of this Order to Appellant by

- 2 -

certified mail, return receipt requested. Appellant has thirty days to respond upon receipt of this Order. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2017