J-S39009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MYERS | : | |
| | : | |
| Appellant | : | No. 573 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 21, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000112-2017

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED AUGUST 27, 2019**

Appellant, Christopher Myers, appeals *nunc pro tunc* from the judgment of sentence entered in the Chester County Court of Common Pleas, following his negotiated guilty plea to three counts of burglary.[1]  As a prefatory matter, we observe counsel has filed an ***Anders***[2] brief on appeal.  Pursuant to ***Anders*** and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009), when counsel determines that after a conscientious review of the record, there are no non-frivolous issues for review, and seeks to withdraw from representation, counsel must petition the Court for leave to withdraw and (1) provide in the accompanying brief a summary of the procedural history and facts of the case,

_____

[1] 18 Pa.C.S.A. § 3502(a)(1).

[2] ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

_____

*   Former Justice specially assigned to the Superior Court.

with citations to the record; (2) refer to anything in the record that counsel believes might arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding the appeal is frivolous. *Id.* at 178-79, 978 A.2d at 361. Counsel must also furnish a copy of the brief to the appellant with **a cover letter advising the appellant that he has an immediate right to obtain new (privately-retained) counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review**. *Commonwealth v. Daniels*, 999 A.2d 590 (Pa.Super. 2010). *Santiago* altered the prior requirements for a proper withdrawal under *Anders*, where counsel is now required to provide the reasons for concluding the appeal is frivolous. *Id. Santiago* did not, however, alter the notice requirements of *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa.Super. 2005), which remain binding precedent. *Daniels, supra* at 594. The practice of attaching to the withdrawal petition a copy of counsel's letter to the appellant ensures proper notice to the appellant of his rights and relieves this Court of having to assume counsel's rightful burden. *Millisock, supra*.

Instantly, counsel attached to her petition to withdraw a copy of the *Anders* brief counsel filed and the cover letter counsel sent to Appellant, purporting to advise Appellant of his rights. *See id.* (holding counsel **must** attach, as exhibit to petition to withdraw filed with this Court, copy of letter sent to client advising of client's rights). Counsel's letter, however, is

inadequate as it appears to be a "template" letter, heavily redacted, and reads in a hypothetical and generic manner about counsel's actions and Appellant's rights. (***See*** Letter to Appellant, attached as Exhibit 3 to Petition to Withdraw, dated January 8, 2019, at 1-2) (stating: "I **would** write an ***Anders*** brief"; "I **would** have to explain to the court…") (emphasis added). Likewise, counsel failed to provide clear advice to Appellant of his **immediate** right to proceed *pro se* or with privately retained counsel to raise any additional issues Appellant deems worthy of review in this Court. Counsel's letter is either vague or incomplete in this regard.

Accordingly, we deny counsel's petition to withdraw at this time and direct counsel to file an amended petition to withdraw as counsel in this Court, within **ten** days of the filing date of this judgment order, and attach to the amended withdrawal petition a proper copy of the amended, non-redacted letter sent to Appellant, fully advising Appellant of his present (not hypothetical) and **immediate** right, either *pro se* or with privately retained counsel, to file a brief on any additional points Appellant deems worthy of review. Counsel must also advise Appellant that he may respond, within 45 days of counsel's amended letter, to counsel's ***Anders*** brief.

Petition to withdraw as counsel denied; case remanded temporarily with instructions. Panel jurisdiction is retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/19