**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF S.T.K. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: L.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 279 WDA 2023 |

Appeal from the Decree Entered February 16, 2023
In the Court of Common Pleas of Erie County Orphans' Court at No(s):
99 of 2022

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J :                    **FILED: August 25, 2023**

L.C. ("Mother") appeals from the February 16, 2023 decree involuntarily terminating her parental rights to her seven-year-old daughter, S.T.K. ("Child"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1) and (b). In addition, Mother's appointed counsel ("Counsel"), has filed a petition to withdraw and an accompanying brief, pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we deny Counsel's petition to withdraw, vacate the decree involuntarily terminating Mother's parental rights, and remand with instructions.

This appeal arises from the petition for involuntary termination of Mother's parental rights filed by C.K. ("Father") and K.K. ("Stepmother") (collectively "Appellees").  The record reveals that Child was born in April 2015.  Mother and Father never married but resided together briefly at

paternal grandmother's home following Child's birth. In approximately June 2015, Mother and Father separated and Mother moved to R.C.'s ("maternal grandmother") home. N.T., 2/14/23, at 8-9. The parties dispute the nature of their custody arrangements, with Father testifying that, following their separation, Child stayed with him 90 percent of the time, while Mother averred that Child resided with her, at maternal grandmother's home, the majority of the time. *Id.* at 8-9, 66.

In February 2017, Father enlisted in the military, but Child could not move with him. *Id* at 9-11. Ultimately, Father was discharged in August 2020. *Id.* at 16. During the intervening three and one-half years, Child split time residing between the homes of her maternal and paternal grandmothers. *Id.* at 12, 96. Additionally, Father, who was stationed in Fort Drum, New York for three-and-one-half years, visited Child every weekend he could despite the twelve-hour round trip. *Id.* at 13-14. During this time, Father also learned that Mother suffered from an addiction to drugs.[1] *Id.* at 17-18.

Father met Stepmother in June 2020. *Id.* at 18. In November 2020, Father purchased a home in Erie, Pennsylvania, where Appellees cohabitated. *Id.*

Additionally, when Father completed his military service in August 2020, he initiated a custody action against Mother seeking primary physical and legal

---

[1] The record does not specify the nature of Mother's drug addiction.

custody of Child. *Id.* at 19. On November 30, 2021, the court awarded Father "sole custody" and Mother supervised physical custody "as agreed and arranged between the parties." *See* Father's Exhibit A.

Appellees married in February 2022. On December 19, 2022, they filed a petition for the involuntary termination of Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1) and (b). On the same date, Stepmother filed a petition for adoption. On December 29, 2022, the orphans' court appointed Emily S. Antolik, Esquire, as counsel for Child, without designating whether she would be representing Child's "best" or "legal" interests. *See* Order, 12/29/22.

The orphans' court conducted an evidentiary hearing on February 14, 2023. Mother testified on her own behalf and revealed that she was then registered as an inpatient at a drug and alcohol rehabilitation facility in New York. She also presented the testimony of maternal grandmother. Father and Stepmother testified on their own behalf. Child, then age seven, was represented by Attorney Antolik.

By decree entered on February 16, 2023, the orphans' court involuntarily terminated Mother's parental rights to Child pursuant to 23 Pa.C.S.A. § 2511(a)(1) and (b). On March 6, 2023, Mother, through Counsel, timely filed a notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The orphans' court filed a Rule 1925(a) opinion on March 16, 2023.

Counsel filed an application to withdraw pursuant to **Anders** along with a brief expressing his belief that Mother's appeal was frivolous on May 11, 2023. This Court has extended the **Anders** procedures to appeals taken from decrees terminating parental rights involuntarily. **See In re Adoption of B.G.S.**, 240 A.3d 658, 661 (Pa. Super. 2020). Accordingly, we will begin our review by considering Counsel's petition to withdraw and the accompanying brief. **See B.G.S.**, 240 A.3d at 661 ("When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw").

In order to withdraw pursuant to **Anders**, counsel must: (1) petition the court for leave to withdraw and aver that, after making a conscientious examination of the record, he has determined that an appeal would be frivolous; (2) furnish a copy of the **Anders** brief to the appellant; and (3) advise the appellant that they have the right to retain private counsel or bring additional arguments to the court's attention. **Id.** By way of confirming that client notification has taken place, our precedent requires that counsel provide this Court with a copy of the letter advising the appellant of his or her rights in conformity with **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005). **See B.G.S.**, 240 A.3d at 661.

Our Supreme Court has also set forth substantive requirements for counsel's **Anders** brief, which must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the

record that counsel believes would arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. **Id.** (*citing* **Santiago**, 978 A.2d at 361). Thus, a compliant **Anders** brief should "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id.**

Instantly, Counsel filed a petition to withdraw stating that, after conscientiously reviewing the record, he believes Mother's appeal is frivolous. Counsel also attached the letter he sent to Mother pursuant to **Millisock**, along with the petition and **Anders** brief, advising of her right to retain new counsel or proceed *pro se* to pursue her appeal.[2] Counsel also filed an **Anders** brief which includes a summary of the procedural history and facts of the case with citations to the record, discussion of issues that could arguably support Mother's appeal, and Counsel's assessment regarding why the appeal is frivolous with citations to relevant legal authority. Accordingly, we conclude that Counsel has complied with the technical requirements of **Anders** and **Santiago**.

We next must proceed to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **B.G.S.**, 240 A.3d at 662 (*quoting* **Commonwealth v. Flowers**,

---

[2] Mother has not retained new counsel or proceeded *pro se* in this Court.

113 A.3d 1246, 1250 (Pa. Super. 2015)). In his **Anders** brief, Counsel enumerated Mother's potential arguments as follows.

1. Whether the orphans' court committed an abuse of discretion and/or error of law when it determined that the petitioner established, by clear and convincing evidence, the grounds for termination of parental rights pursuant to [23 Pa.C.S.A. §] 2511(a)(1)?

2. Whether the orphans' court committed an abuse of discretion and/or error of law when it determined that the petitioner established, by clear and convincing evidence, the grounds for termination of parental rights pursuant to [23 Pa.C.S.A. §] 2511(b)?

**Anders** Brief at 4 (some capitalization omitted).

Before analyzing whether these issues are frivolous, our independent review of the record reveals a preliminary non-frivolous issue overlooked by Counsel. Specifically, there is no indication in the certified record that the orphans' court made the requisite determination that Child's legal and best interests did not conflict before appointing Attorney Antolik as her sole counsel. **See In re Adoption of K.M.G.**, 240 A.3d 1218, 1236 (Pa. 2020) (concluding that "where an orphans' court has appointed a [guardian *ad litem*] GAL/Counsel to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the orphans' court made a determination that those interests did not conflict.").

This Court recently reiterated:

"Section 2313(a) requires the appointment of counsel who serves the child's legal interests in contested, involuntary TPR

proceedings."[3]  ***In re Adoption of L.B.M.***, 161 A.3d 172, 180 (Pa. 2017) (footnote omitted).  Further, the ***L.B.M.*** Court held that "the failure to appoint counsel for a child involved in a contested, involuntary termination of parental rights proceeding is structural error and is not subject to harmless error analysis." ***Id.*** at 183.  Further, the failure to appoint counsel to represent a child's legal interests pursuant to Section 2313(a) is a non-waivable error.  [***In re***] ***T.S.***, 192 A.3d [1087, 1092 (Pa. 2018)].  Subsequently, the Supreme Court clarified that "trial courts are obligated by Section 2313(a) to appoint counsel to serve the critical role of a child's attorney, zealously advocating for the legal interests of the child who otherwise would be denied a voice in the termination of parental rights proceedings." ***In re Adoption of K.M.G.***, 240 A.3d [at] 1233-34 [] (citation omitted). In the context of TPR proceedings, the child's "legal interests" is synonymous with "the child's preferred outcome[.]"  ***T.S.***, 192 A.3d at 1082 (footnote omitted); ***see also*** Pa.R.J.C.P. 1154, cmt.

Further, "where a child's legal and best interests do not diverge in a termination proceeding, an attorney-GAL representing the child's best interests can also fulfill the role of the attorney appointed per Section 2313(a) to represent the child's legal interests."  ***T.S.***, 192 A.3d at 1088 (citation omitted).  However, "where there is no conflict between a child's legal and best interests, an attorney-[GAL] representing the child's best interests can also represent the child's legal interests.  ***Id.*** at 1092; ***see also K.M.G.***, 240 A.3d at 1235-36.  As such, our Supreme Court has held that **before** appointing an individual to serve as both guardian *ad litem* (GAL) and legal counsel for a child, the trial

---

[3] Section 2313 of the Adoption Act provides, in relevant part:

> **(a)  Child.--**The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S.A. § 2313 (a).

court "must determine whether counsel can represent the dual interest . . . ." **K.M.G.**, 240 A.3d at 1236.

**In the Interest of H.H.N.**, _____ A.3d ___, 2023 WL 3959884, at \*4 (Pa. Super. 2023) (emphasis in original).

In the case *sub judice*, we are unable to determine from the certified record the manner in which the orphans' court appointed Attorney Antolik. The order of appointment uses the term "counsel," but does not specify if it meant legal counsel, as in an attorney representing Child's preferred outcome. Moreover, the only indication of Attorney Antolik's role is her argument supporting Child's best interest, suggesting that she was serving as Child's GAL.[4]

Given that Attorney Antolik was Child's sole attorney during the involuntary termination proceeding, we have reviewed the certified record to confirm that the orphans' court determined prior to the proceeding that Child's best interest and legal interest did not conflict. Nothing in the record indicates that the orphans' court fulfilled its duty in this regard under Section 2313(a), as construed by our Supreme Court in **K.M.G.**, 240 A.3d at 1236. Therefore,

_____

[4] At the conclusion of the hearing, Child's counsel stated the following.

> Thank you, Your Honor. I had the opportunity to meet with [Child] as well as speak to the parties. . . .
>
> My position is that it would be in [C]hild's best interest for [] the petition to be granted.

N.T., 2/14/23, at 108.

we are unable to fulfill our duty to verify *sua sponte* that the orphans' court determined that Attorney Antolik could represent Child's dual interests without conflict. ***Id.***

Accordingly, because we discern the foregoing non-frivolous issue, we are constrained to deny Counsel's petition to withdraw and vacate the termination decree. ***See In the Interest of A.J.R.O.***, 270 A.3d 563, 570-571 (Pa. Super. 2022). On remand, we direct the orphans' court to fulfill its Section 2313(a) duty as articulated by ***K.M.G.***, and determine whether Attorney Antolik may represent both Child's legal and best interests. If the court determines that no conflict exists, then the court shall re-enter its February 16, 2023 decree as to Mother. If the court determines there is a conflict between Child's legal and best interests, then the court shall appoint separate legal counsel and conduct a new hearing to provide legal counsel an opportunity to advocate on behalf of Child.

Counsel's petition to withdraw denied. Decree vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2023

- 9 -