J-S62033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID LYNN GRIFFITH | |
| Appellant | No. 1406 MDA 2015 |

Appeal from the Order Entered July 16, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000080-2013

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED AUGUST 09, 2016**

Appellant, David Lynn Griffith, appeals from the order entered in the Bradford County Court of Common Pleas, revoking his parole.  As a prefatory matter, we observe counsel has designated and filed Appellant's brief on appeal as an **Anders**[1] brief.  Pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009), when counsel determines that after a conscientious review of the record, there are no non-frivolous issues for review, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to

_____

[1] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); **see also Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

J-S62033-16

anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant **and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review**. *Santiago, supra* at 173-79, 978 A.2d at 358-61.

Instantly, counsel failed to attach to his petition to withdraw a copy of the letter that counsel alleges he sent to Appellant, advising him of his right to proceed *pro se* or with newly retained counsel. *See id.  See also Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005) (holding counsel **must** attach as exhibit to petition to withdraw filed with this Court, copy of letter sent to client advising of client's rights).  On May 3, 2016, this Court issued a *per curiam* order directing counsel to notify Appellant with a proper statement advising Appellant of his rights and to file a copy of the notification with this Court within ten days.  Based on counsel's failure to comply, this Court issued a second *per curiam* order on May 20, 2016, again directing counsel to notify Appellant of his rights and to file a copy of the notification with this Court within ten days.

To date, counsel still has not filed a copy of the notice letter he purports to have sent to Appellant or otherwise complied with this Court's *per curiam* orders.  Accordingly, we now order counsel to file with this Court within ten (10) days of the filing date of this order, a copy of the notification letter counsel claims he sent to Appellant.  Panel jurisdiction is retained.