J-S87007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PEDRO LUIS GAVILAN-CRUZ, | |
| Appellant | No. 1238 MDA 2016 |

Appeal from the Judgment of Sentence April 2, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0001911-2014

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　　**FILED DECEMBER 05, 2016**

Appellant, Pedro Luis Gavilan-Cruz, appeals *nunc pro tunc* from the judgment of sentence imposed following his jury trial conviction of rape by forcible compulsion, and numerous related offenses.[1]  Appellant challenges the effectiveness of trial counsel.  Appellate counsel has petitioned this Court for permission to withdraw.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Specifically, the jury convicted Appellant of rape by forcible compulsion, involuntary deviate sexual intercourse by forcible compulsion, aggravated indecent assault by forcible compulsion, terroristic threats, unlawful restraint-risk of serious bodily injury, unlawful restraint-involuntary servitude, simple assault-bodily injury, simple assault-physical menace/fear of imminent serious bodily injury, and sexual assault.  (**See** Verdict Slip, 12/18/14, at unnumbered pages 1-4).

Appellant's conviction arose out his rape and sexual assault of a former girlfriend. Using knives and physical force, Appellant beat the victim, and threatened to cut, disfigure, and kill her. Holding her against her will, Appellant had, or attempted to have, sexual relations with the victim from early evening until the morning of the next day.

The jury convicted him of all charges. The court imposed an aggregate sentence of not less than sixteen nor more than thirty-two years of incarceration. No post-sentence motions were filed. Appellant's first direct appeal was dismissed for failure of previous counsel to file a brief. The court reinstated Appellant's direct appeal rights after he filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. (*See* Order, 7/20/16).

Appellant timely appealed. (*See* Notice of Appeal, 7/26/16).[2] Counsel has filed a petition to withdraw and an *Anders*/*Santiago* brief.[3]

Counsel identifies one issue for review:

> Should this Court undertake review on direct appeal of Appellant's claims that trial counsel provided ineffective assistance?

_____

[2] Counsel complied with the court's order to file a Pa.R.A.P. 1925(b) statement, on August 23, 2016. The court filed a Rule 1925(a) opinion on August 29, 2016. *See* Pa.R.A.P. 1925.

[3] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). The Commonwealth notified this Court it would not file a brief in this matter. (*See* Commonwealth's letter, 10/07/16).

(**Anders** Brief, at 4) (unnecessary capitalization omitted).

Preliminarily, we must determine whether counsel's petition and brief meet the procedural requirements for seeking leave to withdraw. **See Commonwealth v. Zeigler**, 112 A.3d 656, 659 (Pa. Super. 2015).

When requesting leave to withdraw,

> [c]ounsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments [*pro se*] that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).[4]

In this case, counsel has stated that he made a conscientious examination of the record and concluded the appeal is frivolous. (**See** Motion to Withdraw, 10/05/16). Counsel has provided a copy of his **Anders**/**Santiago** brief to Appellant and advised him of his rights to raise

---

[4] Additionally, our Supreme Court has set forth the following requirements for the brief accompanying counsel's petition to withdraw: [C]ounsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and any statutes on point that have led to the conclusion that the appeal is frivolous. **See Santiago**, **supra** at 361.

any additional points in this appeal by proceeding *pro se* or with private counsel. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).[5]

Accordingly, we conclude that counsel has substantially complied with the requirements of **Anders**, **Santiago**, and **Millisock**, and we will grant his petition to withdraw.

We now proceed to review the issue presented and counsel's conclusion that this appeal is frivolous. With limited exceptions not relevant to this case, any claims of ineffectiveness of trial counsel must be deferred to collateral review. (**See Anders** brief, at 8; Trial Court Opinion, 8/29/16, at 4); **see also Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002) ("We now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.").

Accordingly, we dismiss Appellant's claims of ineffectiveness without prejudice to his right to seek relief under the PCRA, pursuant to **Grant**. On independent review, we find no other non-frivolous issues.

---

[5] Appellant has not responded.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/5/2016