J. S51038/18 & J. S51039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL A. BUCKLEY, | : | No. 1521 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 11, 2017,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0006874-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL A. BUCKLEY, | : | No. 1520 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 11, 2017,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0004400-2015

BEFORE: DUBOW, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 19, 2018**

Appellant, Michael A. Buckley, appeals from the April 11, 2017 judgments of sentence entered by the Court of Common Pleas of Delaware County following his conviction of 11 counts of robbery, two counts of burglary, two counts of conspiracy to commit robbery, two counts of conspiracy to commit burglary, and one count of possession of an

instrument of crime. The trial court appointed the Delaware County Public Defender's Office as appellant's counsel for his appeals. J. Anthony Foltz, Esq. ("Attorney Foltz"), filed applications to withdraw his appearance on June 19, 2018, alleging that the appeals are wholly frivolous, accompanied by **Anders** briefs.[1] After careful review, we grant Attorney Foltz's withdrawal applications and affirm the judgments of sentence.

On July 15, 2015, the Commonwealth charged appellant with the following offenses relating to a home invasion and robbery that took place at a house on Bonsall Avenue in Sharon Hill, Delaware County, Pennsylvania, on that same date: one count of attempted theft by unlawful taking, one count of conspiracy to commit robbery, one count of conspiracy to commit theft by unlawful taking, five counts of robbery, one count of aggravated assault, one count of simple assault, six counts of recklessly endangering another person, six counts of terroristic threats, one count of possession of a weapon, one count of making repairs/selling offensive weapon, one count of firearms not to be carried without a license, one count of possession of firearm prohibited, six counts of harassment, one count of burglary, and one count of conspiracy to commit burglary.[2] These offenses were docketed with

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] 18 Pa.C.S.A. §§ 901(a), 903(a), 3701(a)(ii), 2702(a)(1), 2701(a)(1), 2705, 2706(a)(1), 907(b), 908(a), 6106(a)(1), 6105(a)(1), 2709(a)(1), and 3502(a)(1), respectively.

the trial court at No. CP-23-CR-0004400-2015. On August 4, 2015, the Commonwealth charged appellant with the following additional offenses relating to a home invasion and robbery that took place at a house on West Cobbs Creek Parkway in Yeadon, Delaware County, Pennsylvania, on July 6, 2014: one count of conspiracy to commit robbery, eleven counts of robbery, two counts of burglary, one count of possession of an instrument of crime, one count of criminal trespass, two counts of simple assault, two counts of terroristic threats, and one count of conspiracy to commit burglary.[3] These offenses were docketed with the trial court at No. CP-23-CR-0006874-2015. Pursuant to Pa.R.Crim.P. 582, the Commonwealth provided notice that it intended to consolidate both docket numbers into a single trial.

The trial began on January 17, 2017. On January 18, 2017, during the Commonwealth's case-in-chief, appellant notified the trial court of his intention to enter into an open plea of guilty. Appellant pled guilty to the following counts at No. CP-23-CR-0004400-2015: six counts of robbery and one count each of conspiracy to commit robbery, burglary, and conspiracy to commit burglary. At No. CP-23-CR-0006874-2015, appellant pled guilty to five counts of robbery and one count each of conspiracy to commit robbery, burglary, conspiracy to commit burglary, and possession of an instrument of

---

[3] 18 Pa.C.S.A. §§ 903(a), 3701(a)(1)(ii), 3502(a)(1), 907(a), 3503(a)(1)(ii), 2701(a)(1), and 2706(a)(1), respectively.

crime. The Commonwealth dismissed the remaining charges filed against appellant. On April 11, 2017, the trial court imposed an aggregate sentence of 40-80 years' imprisonment plus restitution.

On May 8, 2017, appellant filed timely *pro se* notices of appeal to this court. That same day, appellant's trial counsel, Daniel A. Pallen, Esq. ("Attorney Pallen"), filed a motion for leave of court to withdraw as counsel, as appellant could no longer afford to pay Attorney Pallen's counsel fees. The trial court appointed the Delaware County Public Defender's Office to serve as appellant's counsel on appeal. The trial court issued an order directing appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on January 16, 2018. On February 6, 2018, in lieu of filing Rule 1925(b) statements, Attorney Foltz notified the trial court that he intended to file *Anders* briefs pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed opinions on April 9, 2018, stating that in light of Attorney Foltz's intention to file *Anders* briefs, it would refrain from entering any opinions pursuant to Pa.R.A.P. 1925(a).

On June 19, 2018, Attorney Foltz filed in this court petitions to withdraw as counsel and *Anders* briefs, wherein Attorney Foltz states there are no non-frivolous issues preserved for our review. Appellant filed a reply to Attorney Foltz's petitions on August 30, 2018.

As a prefatory matter, we note that the two appeals currently before us stem from two judgments of sentence entered by the trial court

pertaining to appellant. Appellant's counsel filed an application to consolidate the appeals on February 1, 2018. In a **per curiam** order dated February 26, 2018, this court denied appellant's application without prejudice, allowing appellant to apply for consolidation after the case was assigned to a merits panel. While the application to consolidate was pending, appellant's counsel, Attorney Foltz, notified the trial court of his intent to file **Anders** briefs and did not raise the issue to consolidate before the merits panel.

Pennsylvania Rule of Appellate Procedure 513 permits this court to, in its discretion, order cases where the same question is involved in two appeals in different cases to be "argued together in all particulars as if but a single appeal." Pa.R.A.P. 513. Here, appellant's two appeals originate with two cases that were consolidated at the trial court level. The trial court sentenced appellant in both cases at a single sentencing hearing. Moreover, the issue raised in Attorney Foltz's **Anders** briefs is identical in both appeals. Accordingly, pursuant to Rule 513, we will **sua sponte** consolidate both of appellant's appeals for our review.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-48 (Pa.Super. 2015).
>
> These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a

direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed **pro se** or raise any additional points worthy of this Court's attention.

**Woods**, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an **Anders** brief:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

*Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Foltz's petitions to withdraw, supporting documentation, and *Anders* brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant; advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this court's attention; and attached to the *Anders* application a copy of the letter

sent to appellant as required under ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa.Super. 2005) (citation omitted). ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in ***Santiago*** set forth the new requirements for an ***Anders*** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in ***Millisock*** that remain binding legal precedent."). Appellant did not respond to Attorney Foltz's ***Anders*** brief. As Attorney Foltz has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5, quoting ***Commonwealth v. McClendon***, 434 A.2d 1185, 1187 (Pa. 1981). Therefore, we now turn to the merits of appellant's appeal.

Appellant raises the following issue for our review: "Did the trial court err in sentencing [appellant] to an aggregate [sentence] of [forty to eighty] years of incarceration [on both sets of charges] on the basis of a mandatory minimum sentence, in contravention of the holding of ***Alleyne v. United States***[4] by the United States Supreme Court?" (Appellant's briefs at 5.)

---

[4] ***Alleyne v. United States***, 570 U.S. 99 (2013).

In his sole issue on appeal, appellant is challenging the legality of his sentence. Specifically, appellant contends that his sentence is illegal because the trial court sentenced him pursuant to 42 Pa.C.S.A. § 9714(a)(1), which establishes a minimum sentence of ten years' imprisonment for any person convicted of a crime of violence[5] who, "if at the time of the commission of the current offense the person had previously been convicted of a crime of violence[.]"

Appellant's argument is without merit. In **Alleyne**, the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury." **Alleyne**, 570 U.S. at 116. **Alleyne**, however, did not disturb the High Court's previously recognized exception that a previous conviction need not be determined by a fact-finder beyond a reasonable doubt. **Id.** at 111 n.1; **see also Almendarez-Torres v. United States**, 523 U.S. 224 (1998). Indeed, following **Alleyne**, Pennsylvania appellate courts continue to recognize that mandatory minimum sentences pertaining to previous convictions are constitutional. **Commonwealth v. Reid**, 117 A.3d 777, 784-785 (Pa.Super. 2015) (holding that Section 9714 is not unconstitutional in light of **Alleyne**), citing **Commonwealth v. Akbar**, 91 A.3d 227, 239 n.9 (Pa.Super. 2014), **appeal granted and order vacated on other grounds**, 111 A.3d 168 (Pa. 2015).

---

[5] Robbery and burglary are included in the definition of "crimes of violence." 42 Pa.C.S.A. § 9714(g).

"*Alleyne* did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses. Section 9714 increases mandatory minimum sentences based on prior convictions. Accordingly, this section is not unconstitutional under *Alleyne*." *Reid*, 117 A.3d at 784-785.

Here, during the sentencing hearing, the Commonwealth introduced evidence of appellant's previous convictions for robbery and aggravated assault. (Notes of testimony, 4/11/17 at 3-4.) Defense counsel stipulated to appellant's convictions. (*Id.*) The record further reflects that the Commonwealth put appellant on notice that the applicable mandatory minimum sentences would be sought. (*Id.* at 4.) In light of the exception recognized by the Supreme Court of the United States in *Alleyne* and upheld by this court in *Reid*, we find that the trial court did not impose an illegal sentence upon appellant and appellant's issue is without merit.

In sum, we find this appeal to be wholly frivolous, and our independent review of the entire record has not disclosed any other potentially non-frivolous issues. Consequently, we grant Attorney Foltz's petitions to withdraw, and we affirm the judgments of sentence.

Judgments of sentence affirmed. Petitions to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/18