J-A10042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ANTONIO ERWIN :
:
Appellant : No. 2275 EDA 2018

Appeal from the Judgment of Sentence Entered July 3, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001972-2011

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED APRIL 22, 2019**

Appellant, Antonio Erwin, appeals from the judgment of sentence imposed following revocation of probation.  As a prefatory matter, we observe counsel has designated and filed an **Anders**[1] brief on appeal.  Pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009), when counsel determines that after a conscientious review of the record, there are no non-frivolous issues for review, and seeks to withdraw from representation, counsel must petition the Court for leave to withdraw and (1) provide in the accompanying brief a summary of the procedural history and facts of the case, with citations to the record; (2) refer to anything in the record that counsel believes might arguably support the appeal; (3) set forth

_____

[1] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding the appeal is frivolous. *Id.* at 178-79, 978 A.2d at 361. Counsel must also furnish a copy of the brief to the appellant with **a cover letter advising the appellant that he has an immediate right to obtain new (privately-retained) counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review**. *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010). *Santiago* altered the prior requirements for a proper withdrawal under *Anders*, where counsel is now required to provide the reasons for concluding the appeal is frivolous. *Id. Santiago* did not, however, alter the notice requirements of *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa.Super. 2005), which remain binding precedent. *Daniels, supra* at 594. The practice of attaching to the withdrawal petition a copy of counsel's letter to Appellant ensures proper notice to the appellant of the appellant's rights and relieves this Court of having to assume counsel's rightful burden. *Millisock, supra*.

Instantly, counsel attached to his petition to withdraw a copy of the cover letter counsel sent to Appellant, enclosing a copy of the *Anders* brief counsel filed and advising Appellant of his right to proceed *pro se* or with newly retained counsel. *See id.* (holding counsel **must** attach as exhibit to petition to withdraw filed with this Court, copy of letter sent to client advising of client's rights). Counsel's letter, however, is inadequate as it failed to provide clear advice to Appellant that Appellant has the **immediate** right to proceed *pro se*

or with privately retained counsel **to raise any additional issues Appellant deems worthy of review in this Court**.  Counsel's letter is either vague or incomplete in this regard.

Accordingly, we deny counsel's petition to withdraw at this time and direct counsel to file an amended petition to withdraw as counsel in this Court, within **ten** days of the filing date of this judgment order, and attach to the amended withdrawal petition a copy of the amended letter sent to Appellant, fully advising Appellant of his **immediate** right, either *pro se* or with privately retained counsel, to file a brief on **any additional points Appellant deems worthy of review**.  Counsel must also advise Appellant that he may respond, within 45 days of counsel's amended letter, to counsel's ***Anders*** brief.

Petition to withdraw as counsel denied; case remanded temporarily with instructions.  Panel jurisdiction is retained.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/19