J-S01036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD ROBERT MARTIN | : | |
| | : | |
| Appellant | : | No. 795 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000362-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD ROBERT MARTIN | : | |
| | : | |
| Appellant | : | No. 796 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000214-2020

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JULY 15, 2022**

Gerald Robert Martin (Appellant) appeals from the judgments of sentence of the Court of Common Pleas of Bradford County imposing consecutive terms of fifteen to forty-eight months of imprisonment for possession of a controlled substance with intent to deliver and one to twelve months of imprisonment for possession of drug paraphernalia.  His counsel,

_____

[*] Retired Senior Judge assigned to the Superior Court.

John E. Thompson, Esquire, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), averring that there are no non-frivolous claims that can be raised on Appellant's behalf. As we find counsel's attempt to withdraw from representation is deficient for the third time, and counsel has ignored our prior orders directing him to comply with the procedures for withdrawing under *Anders*, we must remand this case for additional proceedings below.

On October 25, 2021, Attorney Thompson filed the *Anders* brief for these consolidated appeals. Attorney Thompson failed to file a contemporaneous application to withdraw as counsel and failed to file the required notice letter addressed to Appellant explaining Appellant's rights under *Anders* and enclosing copies of the *Anders* brief and the application to withdraw as counsel. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (addressing to the process by which an attorney may seek withdrawal from representation under *Anders*); *Commonwealth v. Wrecks*, 931 A.2d 717, 720-721 (Pa. Super. 2007) (same); *Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007) (holding that an attorney's failure to include his letter to Woods concerning his withdrawal request under *Anders* in an application to withdraw as counsel rendered his withdrawal request insufficient); *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005) (holding that an attorney seeking withdrawal under *Anders* must attach as an exhibit to the application to withdraw as counsel a copy of the letter sent to counsel's client giving notice of the client's rights).

On November 3, 2021, this Court issued a *per curiam* order notifying Attorney Thompson that he did not file an application to withdraw as counsel along with the **Anders** brief, nor did he attach a copy of a letter advising Appellant of his rights to proceed *pro se* or proceed with a private attorney. Order, 11/3/21, at 1. We directed counsel, within ten days, to file in this Court a proper application to withdraw as counsel pursuant to **Anders**, to supply a copy of the same to Appellant, to notify Appellant with a proper statement advising Appellant of his rights as required by **Millisock**, and to file a copy of the notification with this Court. Order, 11/3/21, at 1. No responsive filing was made with this Court.

On November 18, 2021, we issued a second *per curiam* order reflecting that Attorney Thompson had not complied with our prior order. Order, 11/18/21, at 1. We then directed counsel to comply with the prior order within seven days. **Id.** Again, no responsive filing followed, and this case was then placed on the instant submit panel.

Because counsel has ignored two orders from this Court and has not taken any remedial actions in the past six months, we have no choice but to remand this case to the trial court for a period of thirty days to hold a hearing to determine whether Attorney Thompson has abandoned Appellant and to take any further action as required to protect Appellant's right to appeal. Following the ordered hearing, the trial court shall notify this Court, in writing, within the thirty-day period, of all findings and actions taken. We remind counsel of his obligation to comply with the orders of this Court.

- 3 -

Case remanded with instructions.  Jurisdiction retained.

Judge Nichols Joins the memorandum.

Judge Bowes files a Dissenting Memorandum.