J-S14021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    :             PENNSYLVANIA
                                                    :

                v.                               :

RICHARD DOUGLAS HOUSLER     :

          Appellant           :     No. 727 WDA 2021

Appeal from the Judgment of Sentence Entered June 16, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000326-2020

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:            **FILED: JULY 18, 2022**

Richard Douglas Housler (Appellant) appeals from the judgment of sentence entered in the McKean County Court of Common Pleas of an aggregate term of seven days to six months' imprisonment. Appellant's counsel has filed an ***Anders***[1] brief, in which they conclude there are no non-frivolous issues to raise on appeal. As will be discussed in more detail below, we conclude counsel's attempt to withdraw is wholly deficient. Accordingly, we instruct counsel to correct those deficiencies before we may address this appeal on its merits.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

On January 26, 2021, at the conclusion of a bench trial, the trial court found Appellant guilty of driving under the influence of a controlled substance (DUI) (impaired ability – 1st offense), location of registration permit, driving on roadways laned for traffic, and careless driving.[2]  On June 16, 2021, the court sentenced Appellant to a term of seven days to six months' imprisonment as to the DUI offense.  As for the remaining convictions, the court imposed statutory fines and costs.  Appellant did not file post-sentence motions but did file a timely notice of appeal.

Following sentencing, Appellant's trial counsel filed a motion to withdraw as counsel, which the court granted on June 25, 2021.  The court also appointed Christopher Martini, Esquire, to represent Appellant.  The court then ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b).  After receiving an extension of time, Appellant filed a Rule 1925(b) concise statement on August 9, 2021.[3]  The trial court issued a Pa.R.A.P. 1925(a) opinion on September 10, 2021.

As indicated above, Attorney Martini filed an ***Anders*** brief in this Court. However, Attorney Martini has failed to file a contemporaneous petition to withdraw as counsel, with an attached copy of a notice of rights letter sent to

---

[2]  75 Pa.C.S. §§ 3802(d)(2), 1310.1(c), 3309(1), and 3714(a), respectively.

[3]  Notably, Attorney Martini did not file a statement of intent to withdraw in lieu of filing a concise statement of errors complained of on appeal.  ***See*** Pa.R.A.P. 1925(c)(4).

J-S14021-22

Appellant. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005) (opining that the prudent course is to require counsel to attach to the petition to withdraw a copy of the letter sent to the client advising of their rights); **see also Commonwealth v. Cartrette,** 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (to withdraw from representation pursuant to **Anders**, counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide the defendant a copy of the brief and petition to withdraw; and 3) advise the defendant that they have the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention).

Additionally, Attorney Martini's **Anders** brief fails to conform to the procedures for withdrawal of counsel on grounds of frivolity set forth in **Santiago**. **See Cartrette**, 83 A.3d at 1032 (holding **Anders** brief "must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) **refer to anything in the record that counsel believes arguably supports the appeal**; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.") (emphasis added). While Appellant was convicted of three offenses, Attorney Martini broadly refers to the sufficiency

and weight of the evidence, with reference to the two investigating troopers' testimony at trial. Moreover, counsel's argument section, one page in length, fails to cite any elements of the three offenses and the entire brief is devoid of any legal authority. When coupled with Attorney Martini's failure to file a petition and explain whether counsel advised Appellant of his rights, we conclude counsel has failed to comply with the requirements of *Anders* and *Santiago*. *See also Cartrette*.

Accordingly, counsel's February 20, 2022, *Anders* brief is **STRICKEN**. Attorney Martini is directed to either petition this Court to withdraw and comply with the *Santiago* requirements for withdrawal or file an advocate's brief on Appellant's behalf within 30 days of the date that this memorandum is filed. If Attorney Martini elects to file a petition to withdraw, counsel must also comply with the notice requirements of *Millisock,* and file proof thereof with this Court. Notably, counsel must attach to the petition a copy of a letter sent to Appellant, fully advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points he deems worthy of the Court's attention, and advise Appellant that he may respond, within 30 days of counsel's letter, to counsel's brief, if he so chooses. The Commonwealth will then have 30 days to file a responsive brief.

*Anders* brief stricken. Counsel to file an application to withdraw within 30 days of the date this memorandum is filed and provide notice pursuant to *Anders/Santiago*. Appellant may respond to the application within 30 days

of the date of the letter notifying him of the application to withdraw. Alternatively, counsel may file an advocate's brief within 30 days of the date of this memorandum. In either event, the Commonwealth is permitted to file a response to such filings, by either counsel or Appellant, within 30 days of the date they are filed in this Court. Panel jurisdiction retained.