J-A07026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                            :  PENNSYLVANIA
                                            :
               v.                      :
                                            :
                                            :
ACHILLE LEPEDIO WALKER         :
                                            :
          Appellant         :  No. 747 MDA 2024

Appeal from the Judgment of Sentence Entered May 2, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000155-2023

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:          **FILED MAY 07, 2025**

Appellant, Achille Lepedio Walker, appeals from the judgment of sentence entered on May 2, 2024, following his jury trial convictions for possession with intent to deliver a controlled substance, simple possession of a controlled substance, and possession of drug paraphernalia.[1]  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel, together with an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago,** 978 A.2d 349 (Pa. 2009).  Upon careful consideration, we deny counsel's petition to withdraw and direct counsel to file either a compliant **Anders** brief and petition or an advocate's brief.

---

[1]  35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

We briefly summarize the facts and procedural history of this case as follows. On December 1, 2022, police investigators, using a confidential informant, conducted a surveilled, controlled narcotics transaction with Appellant in an apartment building on West Savory Street in Pottsdale, Pennsylvania. When Appellant subsequently drove away from the area in a vehicle, the police executed a traffic stop, removed Appellant from the driver's seat, and arrested him. Police recovered a large bag holding eight smaller bags of a white substance, later determined to be 225.86 grams of methamphetamine, that was hanging out of the driver's side door. On March 11, 2024, a jury found Appellant guilty of the aforementioned charges. On May 2, 2024, the trial court sentenced Appellant to seven-and-one-half to 20 years of imprisonment, with credit for time-served. This timely appeal resulted.[2]

In this appeal, Appellant's counsel filed a petition to withdraw and an **Anders** brief wherein counsel presented one issue that arguably supports the appeal:

1. Whether the sentence imposed by the trial court was unreasonably harsh and excessive[?]

_____

[2] Appellant filed a timely post-trial motion requesting reconsideration of his sentence. On May 23, 2024, the trial court held a hearing and denied relief by order entered the following day. On May 24, 2024, Appellant filed a timely notice of appeal. On May 28, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 28, 2024.

*Anders* Brief at 4.

Pursuant to *Anders*, when counsel determines that after a conscientious review of the record, there are no non-frivolous issues for review, and seeks to withdraw from representation, counsel must petition the Court for leave to withdraw and "(1) provide in the accompanying brief a summary of the procedural history and facts of the case, with citations to the record; (2) refer to anything in the record that counsel believes might arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding the appeal is frivolous." *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "[C]ounsel [must] also furnish[] a copy of the [*Anders*] brief to [the a]ppellant, advise[] him of his [immediate] right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the [C]ourt's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client as required under *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005)." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

Upon review, we note that counsel's *Millisock* letter contains substantially accurate advice, stating in relevant part that "[y]ou have the right to retain new counsel to pursue your appeal, or you may proceed *pro se* (represent yourself) on your appeal. If you proceed either way, you, or your attorney, may raise any additional points you deem worthy of the [C]ourt's attention." Letter, 11/8/24. While counsel's *Millisock* letter does not

expressly state that Appellant possesses an **immediate** right to retain new counsel, proceed *pro se*, or raise additional points deemed worthy of this Court's attention, the immediacy of Appellant's rights may reasonably be inferred.

Notwithstanding, counsel's petition to withdraw appears to misstate the required advice pertaining to the immediacy of Appellant's right to retain new counsel, proceed *pro se*, or bring additional points to this Court's attention. More specifically, counsel's petition conditions Appellant's rights upon the filing of an order which grants counsel's petition to withdraw. *See* Petition to Withdraw, 11/12/2024, at ¶ 3 (emphasis added) ("**In the event the Court grants this petition of counsel to withdraw**, Appellant has the right to proceed *pro se* and/or with the assistance of privately retained counsel."). Currently, Appellant has not filed a response with this Court. As such, we cannot be certain that Appellant understood that he possessed an immediate right to proceed *pro se*, retain new counsel, or raise additional points worthy of our attention.

Accordingly, in an abundance of caution, we conclude that counsel's petition to withdraw does not meet the technical requirements under *Anders* and we deny the petition without prejudice. We therefore direct counsel to file either an advocate's brief or a fully compliant *Anders* brief and petition to withdraw within 30 days of the date of this memorandum. Thereafter, the Commonwealth may respond to any brief submitted on behalf of Appellant, within 30 days of filing. If counsel elects to file an *Anders* brief and

accompanying petition, counsel shall serve copies upon Appellant together with correspondence advising Appellant that he has the **immediate** right to proceed *pro se*, or through newly-retained counsel, and the right to raise any additional points deemed worthy of this Court's attention.

Petition to withdraw denied without prejudice. Panel jurisdiction retained.